**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA WILLIAMS** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 904 |
| | ) | |
| v. | ) | |
| | ) | |
| **CAROLYN COLVIN** | ) | Magistrate Judge Daniel G. Martin |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Melissa Williams ("Plaintiff" or "Williams") seeks judicial review of a final decision of Defendant Carolyn Colvin, the Acting Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for disability insurance benefits under the Social Security Act in a November 29, 2012 written decision of Administrative Law Judge ("ALJ") James Wascher. Williams appealed the ruling to this Court and filed a Motion for Summary Judgment that seeks to reverse the Commissioner's decision. The Commissioner filed a cross motion. The Court discusses the record only insofar as necessary to elucidate its ruling. Both parties have ably addressed the evidence relevant to their respective claims.

The ALJ applied the five-step analytic procedure to find at Step 1 that Williams had not engaged in substantial gainful activity since her alleged onset date of December 1, 2008. Her severe impairments at Step 2 included diabetes, hypertension, anemia, osteoarthritis of the bilateral knees, a visual disturbance, depression, and obesity. None of the impairments met or equaled a listing, either singly or in combination, at Step 3.

Before moving to Step 4, the ALJ found that Williams' testimony was not entirely credible. He also assessed the following RFC of light work as follows:

> [S]he can lift or carry 20 pounds occasionally and 10 pounds frequently, can stand or walk for six hours in an eight-hour workday, can sit for six hours, can occasionally climb ladders, ropes or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, crouch, kneel or crawl; can engage in occasional handling [of] objects, defined as gross manipulation, with the right hand; and occasional fingering, defined as fine manipulation of items no smaller than the size of a paper clip, with the right hand; is unable to visually discern details at a distance; is moderately limited in her ability to maintain concentration, persistence or pace; therefore, work is limited to simple, routine tasks; and she could make only basic work decisions.

(R. 16). The ALJ then found at Step 4 that Williams could not perform her past relevant work as a mail handler. Based on the testimony of a vocational expert, the ALJ determined at Step 5 that work existed in the national economy that Williams could carry out. He therefore concluded that she was not disabled.

Williams challenges this finding on two grounds. She claims that the ALJ failed to adequately discuss the effect of obesity on her knee pain. She also contends that the ALJ was not entitled to rely on the expert opinion and RFC of state-agency physician Dr. Victoria Dow. Williams bears the full burden of showing error on both of these issues. *See Thorps v. Astrue*, 873 F. Supp.2d 995, 1004 (N.D. Ill. 2012) ("The plaintiff bears the burden of proof through step four[.]"). The Court notes that Williams allots only four pages in her short eight-page motion to these topics.

Williams is morbidly obese. She is 5' 7" tall and weighed at various times between 246 and 260 pounds according the record. (R. 96, 602). Dr. Dow recorded her body mass index as 40.9. (R. 96). The ALJ recognized obesity as a severe disorder. He then discussed the exacerbating effects that obesity can have on a claimant's conditions,

including arthritic changes in a weight-bearing joint like Plaintiffs' knees. The ALJ stated that "these considerations have been taken into account in reaching the conclusions herein at the 2nd through 5th steps of the sequential disability evaluation process, even though no treating or examining medical source has specifically attributed additional or cumulative limitations to the claimant'[s] obesity." (R. 15).

An ALJ is always required to consider the effect of a claimant's obesity in combination with other impairments. *Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014). The ALJ did so in this case. Plaintiff's truncated argument appears to claim that the ALJ did not articulate his reasoning in sufficient detail. She states, for example, that the ALJ was obligated to provide a narrative discussion under SSR 96-8p of obesity's effects on her functioning. The assumption of such a claim is that, had the ALJ done so, he would have recognized that Williams' knee limitations went beyond what would be expected from her degenerative joint disease alone.

The Court finds no error in the ALJ's consideration of obesity. Assuming that the ALJ did not adequately discuss the issue, however, it amounts to harmless error. "[A] failure to explicitly consider the effects of obesity may be harmless error" when the ALJ adopts the RFC of a reviewing expert, and when the claimant fails to show how obesity further limits her functioning. *Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir. 2006). When an ALJ incorporates the functional limitations determined by an expert who noted a claimant's obesity, that expert's consideration of the obesity issue is "factored indirectly" into the ALJ's analysis. *Kittelson v. Astrue*, 362 Fed.Appx. 553, 559 (7th Cir. 2010) (citing *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)). A claimant can challenge the ALJ's finding only by submitting "evidence explaining how [her] obesity affected [her] ability

3

to work or aggravated [her] other conditions." *Capman v. Colvin*, — Fed.Appx. —, 2015 WL 3982131, at *5 (7th Cir. July 1, 2015).

Williams has not met this standard. She cites no evidence showing that obesity made her more limited than the ALJ thought she was. Plaintiff relies heavily on her own testimony at the hearing that she could not perform her job duties as she used to, and that she could not walk for long because of pain. It is difficult to determine what relevance Williams is claiming this has to the issue at hand. The ALJ considered her testimony that her knees hurt more when she walked or climbed stairs. (R. 17). Insofar as Williams is arguing that the ALJ failed to properly consider the credibility of her statements, that issue has been waived: Williams' motion does not challenge the ALJ's credibility decision. Her highly-abbreviated motion left ample opportunity for Williams to do so in this case. It is entirely silent on the credibility issue.

Williams does claim in her reply brief that the ALJ failed to consider the effect that obesity had on her credibility. (Dckt. 24 at 2). That is inadequate for two reasons. First, her allegations are skeletal in nature. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1992) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that arguments are waived when "underdeveloped, conclusory, or unsupported by law"); *White v. Colvin*, 2015 WL 1969636, at *2 n.2 (S.D. Ind. May 1, 2015) ("The Court will not address such skeletal arguments."). Williams makes no effort to cite the credibility factors under the regulations and SSR 96-7p, or to discuss relevant evidence that supports her credibility. She merely complains that the Commissioner has not explained why her credibility was not affected by her morbid obesity. That gets things

backwards. Plaintiff, not the Commissioner, bears the burden on this issue.

Second, and more importantly, Plaintiff is barred from raising the credibility issue in her reply. It is well established that arguments and legal theories raised for the first time in a reply brief are waived. "The reason for this rule of waiver is that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues." *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998). *See also Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010); *Carter v. Tennant Co*., 383 F.3d 673, 679 (7th Cir. 2004); *Murphy v. Village of Hoffman Estates*, 1999 WL 160305, at * 2 (N.D. Ill. March 17, 1999) ("Raising an argument generally in a motion [ ] does not give a litigant license to be vague in his original submissions and provide the necessary detail in his reply."). This rule applies to appellate briefs, motions for summary judgment, and discovery motions. *See Med. Assur. Co., Inc. v. Miller*, 2010 WL 2710607, at *3-4 (N.D. Ind. July 7, 2010). The Commissioner has had no opportunity to respond to the credibility claims that Plaintiff raises for the first time in her reply brief.

Even if credibility were at issue here, Williams does not explain what it was that the ALJ should have considered, or why it would have led to a different result. She fails to address, for example, that she told the ALJ that her knees prevented her from *running* up a flight a stairs, thereby requiring her to climb them "step by step." (R. 38). That concedes that Plaintiff can climb stairs and ladders, as the ALJ said. Plaintiff also told her physician that she had started to walk one mile a day. (R. 19). Williams fails to explain why, given her ability to do that, her obesity limits her ability to stand or walk more severely than the RFC indicates.

Plaintiff also overlooks that at the administrative hearing she never attributed any

5

of her limitations to obesity. Indeed, neither Plaintiff nor her attorney even mentioned obesity to the ALJ. Williams' written statements concerning her limitations also fail to cite obesity as a problem. As the ALJ noted in his obesity discussion, no examining or reviewing physician attributed additional or cumulative limitations to Plaintiff's disability. The record plainly supports that finding. Many medical records noted Williams' obesity. (R, 343, 398, 427, 433, 437, 447, 461, 466, 469, 498, 537, 547, 564, 588, 594, 596, 597, 598, 602). None even suggested that obesity provided additional limitations to her arthritic knees. Williams does not refer to any of these medical records in her motion.

Williams briefly claims that the ALJ should have considered the possibility of a sit/stand option. In support, Williams cites her own testimony that she could only walk for 20 minutes and needs to sit for 20 minutes before she can get back up. But Plaintiff cannot cite her own testimony as evidence without first challenging the ALJ's finding that she was not fully credible. That issue has been waived. Moreover, no medical expert thought that Plaintiff was limited to such a degree. Williams does not cite any medical report or evidence that, had the ALJ considered it, would have led to a conclusion that she required a sit/stand option. She claims that the ALJ failed to discuss the effect that obesity has on her functioning other than the limitations associated with her knees. Once again, however, Williams does not discuss what those other limitations were. This falls short of bearing the burden of showing why the ALJ committed more than harmless error, even assuming that error exists.

Williams implies that the ALJ's findings are somehow disputed by consulting physician Dr. Donald Pochyly's December 23, 2009 report. That claim is without merit. Plaintiff told Dr. Pochyly that "she has had pain in both knees for the past 2 years which

6

is aggravated by weight bearing, walking or climbing stairs." (R. 390). Dr. Pochyly noted that Williams weighed 257 pounds and was 62.5 inches tall. (R. 391). He diagnosed her with diabetes, morbid obesity, and "pain in the knees of undetermined etiology." (R. 392). Nothing in expert's report suggests that Williams' obesity limited her RFC more than the ALJ determined. Dr. Pochyly never assessed Williams' RFC or said that obesity exacerbated her knee pain. The ALJ reviewed Dr. Pochyly's report in detail. As before, Plaintiff provides no explanation at all how Dr. Pochyly's report shows that the combined effect of knee pain and obesity demands a more restricted RFC.

The ALJ adopted the RFC restrictions provided by Dr. Dow. The state-agency physician noted that Williams weighed 260 pounds and had a body mass index of 40.9. The case law makes it very clear that this is sufficient to support the ALJ's decision concerning the effects of obesity on Plaintiff's RFC. *See*, *e.g.*, *Proschaska*, 454 F.3d at 736-37. Williams fails to cite any relevant authority to the contrary. Instead, she complains that Dr. Dow's report is inadequate because it did not provide a narrative explanation of how obesity related to her other impairments. That may be because Dr. Dow, like all other medical providers in this case, did not find a relation between Williams' weight and her impairments. Moreover, Plaintiff fails to note that an ALJ can rely on an expert report even when the expert does not cite obesity at all. *See Mueller v. Astrue*, 860 F. Supp.2d 615, 638 (N.D. Ill. 2012). The issue rests on whether the expert relied on reports that themselves took note of obesity. *Id*. (explaining that an expert "presumably considered [a claimant's] obesity as evidenced by his reference to various medical reports that make note of [claimant's] obesity."). As discussed above, the medical record that Dr. Dow considered is permeated with explicit notations of obesity.

7

Assuming that Dr. Dow ought to have discussed the issue, Plaintiff fails to state what it was that she should have considered that would have led Dr. Dow to a different set of findings. Williams erroneously relies once more on her own testimony to dispute the expert's report. In addition, she cites nothing in the medical record that supports her allegation that obesity exacerbated limitations that stemmed from her other impairments. Williams only points to alleged problems in her walking and standing, notes that she is obese, and then relies on an implied link between the two to claim error. Such speculation is insufficient to show error. *See Skarbek*, 390 F.3d at 504 (finding no error when a claimant "does not specify how his obesity further impaired his ability to work, but speculates merely that his weight makes it more difficult to stand and walk."). The fact that Williams has limitations and is also obese merely constitutes an association between two medical facts. Two things can be associated without being causally linked to one another. No medical expert thought that such a link existed in this case. Williams' attempt to re-interpret the record in the absence of such evidence falls far short of demonstrating error.

For these reasons, the Court finds that substantial evidence supports the ALJ's findings. Even if the ALJ should have discussed the issue further, his omission amounts to harmless error. Plaintiff Melissa Williams' Motion for Summary Judgment [14] is denied. The Commissioner's Motion for Summary Judgment [22] is granted. The decision of the Administrative Law Judge is affirmed.

ENTER:

_____
Daniel G. Martin
United States Magistrate Judge

DATE: July 31, 2015.